## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JAMES CARTER BOLING,<br><br>                Plaintiff,<br><br>   v.<br><br>JUUL LABS, INC.,<br><br>                Defendant. | Case No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, Defendant JUUL Labs, Inc. ("JLI") hereby gives notice of the removal of this action from the Fayette County Circuit Court of the Commonwealth of Kentucky, where it is pending as Case No. 20-CI-00560, to the United States District Court for the Eastern District of Kentucky. Removal is proper because complete diversity of citizenship exists between Plaintiff James Carter Boling ("Plaintiff") and JLI, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Complaint includes a claim that arises under federal law.

## I.     BACKGROUND

1.     Plaintiff filed a Complaint against JLI on or around February 11, 2020, in the Fayette County Circuit Court of the Commonwealth of Kentucky, which is within the district and division to which this case is removed. Plaintiff alleges that he has "been exposed to extensive amounts of nicotine and toxic vapors" leading to a hospitalization for "acute respiratory failure." Compl. ¶ 5.

2.      In his Complaint, Plaintiff asserts five counts against JLI including: (1) Strict Product Liability – Design Defect; (2) Negligence; (3) Strict Liability – Failure to Warn; (4) Violation of the Kentucky Consumer Act; and (5) violation of the federal RICO Act.  *See* Compl. ¶¶ 6-10.

3.      Plaintiff's Complaint seeks an unspecified amount of compensatory damages from JLI.  Compl. at 2-3.

4.      JLI was served with the Summons and Complaint no earlier than February 13, 2020. This Notice is thus timely filed under 28 U.S.C. § 1446(b).

5.      As required under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on JLI in the underlying state court action is attached as **Exhibit A**.

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Fayette County Circuit Court of the Commonwealth of Kentucky.

7.      The United States District Court for the Eastern District of Kentucky is the federal judicial district and division in which the Fayette County Circuit Court sits.  This action was originally filed in the Fayette County Circuit Court, rendering venue in this federal judicial district and division proper.  *See* 28 U.S.C. §§ 89(c), 1441(a).

## II.    THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

8.      The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiff and JLI.  In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists Between Plaintiff and Defendant JLI.

9.      Plaintiff is a citizen of Kentucky.  Compl. ¶ 1.

2

10.    JLI is a Delaware corporation with its principal place of business in California. Compl. ¶¶ 2-3.

11.    Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiff and JLI.

**B.    The Amount in Controversy Exceeds $75,000.**

12.    The amount in controversy requirement is also met.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), and a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  *Heyman v. Lincoln Nat'l Life Ins. Co.,* 781 F. App'x 463, 470–71 (6th Cir. 2019).  In determining whether the amount in controversy is satisfied, the Court must "conduct a fair reading" of the complaint.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

13.    Here, Plaintiff's Complaint does not include a specific demand for damages. However, upon a full and fair reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's complaint seeks compensatory damages for strict products liability and negligence.  While Plaintiff does not specify the amount of damages sought, he alleges that "he is entitled to recover "medical, hospital, nursing and rehabilitation care expenses, both in the past and throughout his lifetime; physical pain and mental suffering, both past and future; lost wages and permanent impairment of his power to earn income." Compl. ¶ 12. Under these allegations, the amount in controversy exceeds the jurisdictional minimum.

3

14.     Although JLI does not concede that Plaintiff is entitled to compensatory damages of any amount, a fair reading of Plaintiff's complaint clearly shows that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1367.

15.     Plaintiff's action is also removable based on federal-question jurisdiction, which exists over the Federal RICO claim in the Complaint.  Compl. ¶ 10.  Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  If a civil action includes a claim "arising under" the laws of the United States, removal is appropriate.  28 U.S.C. § 1441(a).

16.     Because the Court has federal-question jurisdiction over the federal RICO claim in the Complaint, it may exercise supplemental jurisdiction over Plaintiff's remaining claims.  28 U.S.C. § 1367.

### THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

17.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1332 because (a) the amount in controversy exceeds $75,000, as required by § 1332(a); (b) the parties are citizens of different states, as required by § 1332(a)(1); and (c) the complaint includes a claim "arising under" the laws of the United States, such that removal of the entire case is appropriate under § 1441 and 1367.  Accordingly, this action is properly removable under both 28 U.S.C. §§ 1331 and 1332.

18.     JLI reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, JLI prays that the filing of the Notice of Removal, and the giving of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Fayette Circuit Court of Kentucky, shall effect removal of said suit to this Court.

Respectfully submitted this 9th day of March 2020,

*s/ F. Maximilian Czernin*
F. Maximilian Czernin (KY Bar #93674)
SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth Street, Suite 1900
Cincinnati, OH 45202
Tel: (513) 361-1206
max.czernin@squirepb.com

*Attorney for Defendant JUUL Labs, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of March 2020, a true and correct copy of the foregoing

was served by electronic mail and by United States mail, postage prepaid, properly addressed to:

>Thomas K. Herren
>Herren Law, PLLC
>148 N. Broadway
>Lexington, KY 40507
>Telephone: (859) 254-0024
>Facsimile: (859) 254-5991
>tom.herren@herrenadams.com
>
>*Attorney for Plaintiff*
>
>
>*s/ F. Maximilian Czernin*
>F. Maximilian Czernin (KY Bar #93674)